AO 241
(Rev. 01/15)

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
Page 2

## May 28, 2020

SEAN F. McAVOY, CLERK

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: | EASTERN | |
|---|---|---|---|
| Name (under which you were convicted): William E. Martinez (Escobar) | | | Docket or Case No.: 4:20-CV-3074-SAB |
| Place of Confinement : Washington State Penitentiary | | Prisoner No.: #383519 | |
| Petitioner (include the name under which you were convicted) William Escobar Martinez  v. | | Respondent (authorized person having custody of petitioner) SUPERINTENDANT D. HOLBROOK | |
| The Attorney General of the State of: | | | |

## PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

Yakima County Courthouse

Yakima, WA. 98901

Phone: (509) 574-1200        Fax: (509) 574-1201

(b) Criminal docket or case number (if you know):        NO. 14-1-00421-0

2.    (a) Date of the judgment of conviction (if you know):        April 07, 2015

(b) Date of sentencing:        June 12, 2015

3.    Length of sentence:        22.5 years    (304 month)

4.    In this case, were you convicted on more than one count or of more than one crime?    ☒ Yes    ☐ No

5.    Identify all crimes of which you were convicted and sentenced in this case:    March 22, 2014

Count 1 : Second Degree Murder

Law Enforcement Incident No    YPD # 14Y010902

Count 3 : First Degree Unlawful Possession of a Firearm

Law Enforcement Incident No    YPD # 14Y010902

6.    (a) What was your plea? (Check one)

            ☒ (1)    Not guilty        ☐ (3)    Nolo contendere (no contest)

            ☐ (2)    Guilty            ☐ (4)    Insanity plea

AO 241
(Rev. 01/15)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to?   All counts

Second Degree Murder and First Degree Unlawful Possession of a Firearm. (During trial the chance was given a plea offer six years ~~firststhe~~ manslaughter which I said yes to the deal because my public defender Mickey L. Krom had no hope in winning and I didn't want to lose and have so much time/ Co-de said no, I was force to trail.)

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes    ☐ No

8.  Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9.  If you did appeal, answer the following:

(a) Name of court:   WA. COA.  Division III

(b) Docket or case number (if you know):

(c) Result:   Affirmed

(d) Date of result (if you know):   ?

(e) Citation to the case (if you know):   State v Martinez

(f) Grounds raised:   ?

(g) Did you seek further review by a higher state court?   ☒ Yes   ☐ No

If yes, answer the following:

(1) Name of court:   WA. Sup. Court

(2) Docket or case number (if you know):   ?

(3) Result:   Affirmed

(4) Date of result (if you know):

AO 241
(Rev. 01/15)

Page 4

(5) Citation to the case (if you know): ?

(6) Grounds raised: ?

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?  ☐ Yes  ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court:  WA, DIV III  COA

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☑ No

(7) Result:  Affirmed

(8) Date of result (if you know):

4

AO 241
(Rev. 01/15)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:        WA. COA DiV. III

(2) Docket or case number (if you know):        98029-2

(3) Date of filing (if you know):        ?

(4) Nature of the proceeding:

(5) Grounds raised:        Milliar V. Alabama

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result:        Pending

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:        WA, Supreme Ct

(2) Docket or case number (if you know):        374378

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:        A The supreme court should accept review and
hold that William E Martinez is not time bared under the
Antiterrorism and Effective Death Penalty Act (AEDPA),
because the Court has not yet rendered its decision in the
supreme Court from cause No 980292, that effects the
"tolling" of the one year time bar: RCW 10.73.090 &
10.73.100.

AO 241
(Rev. 01/15)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:    ☒ Yes    ☐ No

(2) Second petition:   ☒ Yes    ☐ No

(3) Third petition:    ☒ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set
forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    See Attached

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

_____

ADDITIONAL PAGES  1.


IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

PERSONS IN STATE CUSTODY APPLICATION FOR

HABEAS CORPUS UNDER 28 U.S.C. §2254


WILLIAM ESCOBOR MARTINEZ


PLACE OF CONFINEMENT: WALLA WALLA PENITENTIARY


Case No. _____


WILLIAM ESCOBOR MARTINEZ


AL WIMAN _____   Attorney General of Washington, Respondent


PETITION ADDITIONAL ATTACHED PAGES


1.  Judgement Entered in Yakima County Superior Court, 315 W.
    Main Yakima Washington 99362-0259

2.  Date of Judgment was June  / 12 / 2015

3.  Length of Sentence was 22.5 Years.

4.  Nature of Offense was; 2nd degree murder and possession of a
    firearm.


A.  GROUND ONE

WILLIAM ESCOBOR MARTINEZ was denied due process of law under the Fourteenth Amendment to the United States Constitution when the Superior Court did not include new factual allegations of Youth evidence of favorable mitigating value for a downward spiro, because the lower court did not think they had the discretion to depart from the Sentencing Guidlines.

The Court of Appeals and the Washington State Supreme Courts failed to support WILLIAM ESCOBOR MARTINEZ post conviction petitions to support a evidentiary hearing to consider evidence of WILLIAM ESCOBOR MARTINEZ's family problems, mental illness, and criminal problems based on his age at the time prior and up to the commission of the crimes.

The lower state courts failed to distinguish the facts of WILLIAM ESCOBOR MARTINEZ's age considerations at sentencing and the expert evidence on the developments of the minds of Youths. WILLIAM ESCOBOR MARTINEZ was only 18 years at the time he was a accomplice to the crimes he was convicted of and sentenced to.

B.  GROUND TWO

The pivotal question is whether the State court's application of the Ineffective Assistance of Counsel in assessing the failure to interview witness available concerning WILLIAM ESCOBOR MARTINEZ's amounted to incompetence under 'prevailing professional norms.

The state court rejected under prevailing professional norms. The findings entitled counsel to formulate a strategy that was

reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies.

The lower courts failed to support properly WILLIAM ESCOBOR MARTINEZ's petition of mitigating evidence the sum of which was not complex nor technical in light of the United States Supreme Court developing evidence of a child's Youth and brain development relevant to mitigation. In WILLIAM ESCOBOR MARTINEZ's case the intense stress and mental emotional toll that his past that a reasonable probability that it would have changed the outcome of WILLIAM ESCOBOR MARTINEZ's sentencing. His father's affairs with other women and his friends amounted to negative inflamatory behavior between his father, particularly when he tried to protect his mother; also he was shot at twice in his neighborhood. WILLIAM ESCOBOR MARTINEZ was diagnosed with PTSD, and evidence shows that he suffered from brain damage that could manifest impulsive, behavior. The older youths in WILLIAM ESCOBOR MARTINEZ's neighborhood substantially influenced the younger Martinez because of his impaired ability to conform conduct and extreme mental or emotional disturbance.

The trial judge had not been able to place WILLIAM ESCOBOR MARTINEZ's life history on the mitigating side of the scale, and appropriately reduced the ballast on the aggravating side of the scale, there is a clearly a reasonable probability that the sentencing judge would have struck a difference balance and it is unreasonable to conclude otherwise.

The state court's finding of no prejudice was "an

9

unreasonable application of clearly established United States Supreme Court law. The state court did not consider testimony for purposes of nonstatutory mitigation of his abuse as a child "may have particular salience" in his case were he was influenced by older peers that resulted in 2nd degree murder. The evolving norm of according leniency to youths in recognition of their age as a factor warrants issuing of this writ, and the state must be ordered to re-sentence WILLIAM ESCOBOR MARTINEZ.

The lower state court overlooked WILLIAM ESCOBOR MARTINEZ's contention that a defendant's youthfulness as in his case, can support an exceptional sentence below the standard range applicable to an adult felony defendant. The lower court passed on the issue that the Superior Court sentencing judge had the discretion to decide a defendant's youthfulness that supports a sentence below the standard sentencing range. The sentence WILLIAM ESCOBOR MARTINEZ received was against the Eighth Amendment requirement that children be treated differently and the application of the U.S. Constitional precept gave sentencing court absolute discretion to depart from statutory sentencing ranges and enhancements. The State of Washington adopted under the U.S. Supreme Court Authority as applied to WILLIAM ESCOBOR MARTINEZ's sentence to be unconstitutional and in need of immediate correction, that provides mitigating factors to which was not considered or applied in his sentencing.

In addition to the conflict with this Court's standard of review when a state court reviews for cause and prejudice, is appropriate when the lower court reached the merits of the issue of counsel's effectiveness at sentencing.    The state courts reliance on a procedural bar to allow additional evidence to be taken on collateral review is not sufficiently explicit to bar review because the bar to a evidentairy hearing was followed by consideration of the merits of the ground for relief.

Ground 3.   WILLIAM ESCOBOR MARTINEZ WAS DENIED HIS REQUEST FOR A
            ENIDENTTIARY HEARING IN THE WA. COURT OF APPEALS & THE WA.
            SUPREME COURT.

The   lower   court   for   Washington   State   affirmed   his convictions and denied his ineffective assistance of counsel at sentencing.   WILLIAM ESCOBOR MARTINEZ raised the sentencing issue in postconviction relief.   On ____/___/2020 the postconviction court   entered   its   judgment   which   denied   relief   without   an evidentiary hearing.   A downward sentence was undermined by lack of evidence of WILLIAM ESCOBOR MARTINEZ's mitigating evidence as well as the claims that counsel at sentencing was ineffective for failing to call witness & present documentary evidence of his PTSD, Brain Injury, and speical education disabilities.   Thus, the   trend   for   evidence   of   the   U.S.   Supreme   court   trends   in rulings   in   favor   of   the   Eigth   Amendment   requiring   courts   to consider the offender's youthfullness at the time of the offense

was committed when imposing the sentence, would have provided WILLIAM ESCOBOR MARTINEZ with a viable sentencing consideration for a downward spiro.

This Court should consider this issue and find a Evidentiary Hearing under the U.S. Constitutional authority because the lower court did not afford a full and fair fact hearing.

In applying the appropriate standards, trial counsel was ineffective. Trial Counsel began the mitigation investigation too late. For instance contacting the lay witness early or even often not, including talking with Martinez's mom or dad. Counsel never attempted to get any medical records or evidence of my "trama" as a youth.

The scope of trial counsel''s investigation was unreasonable. No evidence was presented by trial counsel about Martinez's family, like being heavy drinkers. And that those members of family and friends encouraged his drug and alcohol use as a child and that he continued abuse into his young adulthood up to the time the crime was committed.

These mitigating factors tend to show how they applied to Mr. Martinez being around the shooter of the crime he was found to be a accomplice of the crime charged.

Mr. Martinez grew up in a "combat zone" in Yakima.

Mr. Martinez's youthful age at the time of the commission of the crime supports a downward spiro and the facts as they applied to the 8th Amendment to the U.S. Constitutution warrant a issue of the Writ of Habeas Corpus.

AO 241
(Rev. 01/15)

Page 7

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    WASh. Supreme Court

Docket or case number (if you know):    374 378

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

Pending  Discretionary Review

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

AO 241
(Rev. 01/15)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:        *NO*

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

see Attached

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☑ Yes        ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes        ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:        Div III Cot
WA. Supreme Court

Docket or case number (if you know):

Date of the court's decision:

13

AO 241
(Rev. 01/15)

Page 9

Result (attach a copy of the court's opinion or order, if available): *do not have*

---

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

---

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

---

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

---

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : *No*

---

**GROUND THREE:**

---

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

---

14

AO 241
(Rev. 01/15)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____ N A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____ N A

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ N A

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

15

AO 241
(Rev. 01/15)

Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: N A

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N A

(b) If you did not exhaust your state remedies on Ground Four, explain why:

N A

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: N A

(d) **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N A

AO 241
(Rev. 01/15)

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

_____

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☐ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

N A

_____

AO 241
(Rev. 01/15)                                                                                                        Page 13

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?    ☐ Yes        ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:        N A
_____

_____

_____

    (b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?        ☐ Yes        ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

    of any court opinion or order, if available.        N A
_____

_____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?        ☐ Yes        ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised.        N A
_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

Page 14

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ☐  Yes        ☐  No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?              ☐  Yes        ☐  No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Pending Appeal at issue Time BAR
I do not believe Im past Time BaR

AO 241
(Rev. 01/15)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

   (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

       (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

       (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

       (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

       (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 01/15)

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:      *Reverse And Remand*

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on      *May 25, 2020*      (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.